# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER W. FRANCIS, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. CIV-10-722-W |
| ) | |
| GREG PROVINCE, WARDEN, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

In this habeas corpus action filed pursuant to 28 U.S.C. § 2254, Petitioner, Christopher W. Francis, challenges his state court conviction and sentence in Case No. CF-2004-6400, District Court of Oklahoma County, State of Oklahoma. Respondent has not addressed the merits of the Petition. Rather, Respondent has moved for dismissal (*see* Doc. ##7-8), contending the Petition is time-barred pursuant to the applicable statute of limitations, 28 U.S.C. §2244(d). Petitioner has filed a response to the Motion (*see* Doc. #10), and the matter is at issue. The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons set forth below, it is recommended that Respondent's Motion to Dismiss be granted and that the Petition be dismissed as untimely pursuant to 28 U.S.C. § 2244(d).

## I. Background

On December 13, 2005, Petitioner was convicted, pursuant to a plea of guilty, in Case No. CF-2004-6400, District Court of Oklahoma County, State of Oklahoma, on two counts of Child Neglect. *See* Petition [Doc. #1] at ¶¶ 1-6. Thereafter, Petitioner filed an application

to withdraw his guilty plea. On January 4, 2006, the state district court conducted a hearing on Petitioner's application to withdraw. At the hearing, Petitioner, represented by new counsel, withdrew the application. *See* Respondent's Brief, Exhibit 1, Order Denying Application for Post-Conviction Relief at 1-2 (reciting procedural history). Because Petitioner withdrew his application, he did not appeal his conviction and sentence to the Oklahoma Court of Criminal Appeals (OCCA). *See id.*; *see also* Petition, ¶ 9.

## II. Analysis

### A. Timeliness of the Petition

The Antiterrorism and Effective Death Penalty Act imposes a one-year statute of limitations for § 2254 habeas petitions. *See* 28 U.S.C. § 2244(d)(1). The period begins to run from "the latest of" four dates. For purposes of the instant petition, the first (and most common) triggering date applies: "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Oklahoma law requires a defendant to file an application to withdraw guilty plea within ten days of the pronouncement of the judgment and sentence in order to commence an appeal from any conviction on a plea of guilty. *See* Rule 4.2(A), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18. Although Petitioner filed an application to withdraw his guilty plea, he later withdrew his application. Therefore, his conviction became final on December 23, 2005, ten days after the pronouncement of the judgment and sentence. Alternatively, at the latest, his conviction became final on January 4, 2006, the date of the

2

hearing on his application to withdraw guilty plea, at which time Petitioner withdrew the application.

Under the provisions of § 2244(d)(1)(A), Petitioner had one year from January 4, 2006, to file his federal habeas petition. *See Malone v. State*, 100 Fed. Appx. 795, 796 (10th Cir. June 8, 2004) (unpublished op.) (the one-year limitation period should be calculated using anniversary date method) (*citing United States v. Hurst*, 322 F.3d 1256, 1260-1261 (10th Cir. 2003)). Petitioner did not file his § 2254 petition until July 8, 2010, well after the one-year period expired. Absent any tolling events, the Petition is untimely filed.

**B.    Statutory Tolling**

The tolling provision in 28 U.S.C. § 2244(d)(2) provides that the one-year limitation period is tolled during the time that a properly filed application for state post-conviction relief is pending. *See Habteselassie v. Novak*, 209 F.3d 1208, 1210-1211 (10th Cir. 2000); *see also Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999) (the time tolled includes all periods during which a prisoner is attempting to exhaust state post-conviction remedies).

Petitioner first properly filed an application for post-conviction relief in the state district court on September 22, 2009. *See* Respondent's Brief, Exhibit 2, docket, *State v. Francis*, Case No. CF-2004-6400, District Court of Oklahoma, State of Oklahoma; *see also* Exhibit 4, Order Denying Post-Conviction Relief at 2 (reciting procedural history).[1]

---

[1]The record shows Petitioner attempted to file an application for post-conviction relief on May 11, 2009, but did not properly do so. *See* Response, Exhibit 2, docket. Even if this attempted filing were construed as a post-conviction application, the filing occurred outside the one-year limitations period and does not operate to toll the limitations period.

3

However, because the application was not filed until after the one-year limitation period expired, statutory tolling is not available to Petitioner. *See, e.g., Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."); *Fisher v. Gibson,* 262 F.3d 1135, 1142-43 (10th Cir. 2001) ("Fisher's petitions cannot be tolled for time spent in state post-conviction proceedings because his applications for post-conviction relief were not filed until after April 24, 1997, the end of the limitations period for convictions, like Fisher's, which became final before the effective date of AEDPA."). Accordingly, the instant Petition, filed July 8, 2010, is time-barred.

### C. **Equitable Tolling**

The limitations period set forth in § 2254(d) is subject to equitable tolling. *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010). But, a petitioner must show that "that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (internal quotations and citation omitted).

Neither party has addressed the issue of equitable tolling. And in responding to the motion to dismiss, Petitioner does not assert any factual basis for equitable tolling or make allegations demonstrating that failure to timely file the petition was due to extraordinary circumstances that prevented timely filing. The Court finds no basis, therefore, upon which equitable tolling of the limitations period is warranted.

4

**RECOMMENDATION**

It is recommended that Respondent's Motion to Dismiss [Doc. ## 7-8] be granted and the Petition be dismissed as untimely.

**NOTICE OF RIGHT TO OBJECT**

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of the District Court by October __14th__, 2010. *See* Local Civil Rule 72.1. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

**STATUS OF REFERRAL**

This Report and Recommendation disposes of all matters referred by the District Judge in this case and terminates the referral.

DATED this __23rd__ day of September, 2010.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE