IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHRISTOPHER W. FRANCIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. CIV-10-722-W |
| | ) | |
| GREG PROVINCE, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Petitioner Christopher W. Francis, proceeding pro se, commenced this action on July 8, 2010, by filing a Petition for a Writ of Habeas Corpus ("Petition") pursuant to title 28, section 2254 of the United States Code. On July 9, 2010, the matter was referred to United States Magistrate Judge Valerie K. Couch in accordance with title 28, section 636 of the United States Code. See Doc. 4.

On August 10, 2010, respondent Greg Province, Warden, filed a Motion to Dismiss Petition for Habeas Corpus as Time Barred by the Statute of Limitations. See Doc. 7. On August 11, 2010, Magistrate Judge Couch directed Francis to respond to Province's request that Francis' Petition be dismissed as untimely filed, see Doc. 9, and on August 23, 2010, Francis filed his Objection to Respondent's Motion to Dismiss. See Doc. 10.

Magistrate Judge Couch considered the parties' submissions, and on September 23, 2010, she issued a Report and Recommendation. See Doc. 11. She suggested that Province's motion be granted and that the Petition be dismissed as untimely. She advised Francis that he had the right to object to the Report and Recommendation, but that his objection, if any, must be filed by October 14, 2010.

The matter then came before the Court on Francis' Motion for Enlargement of Time, file-stamped October 6, 2010, wherein he requested an additional forty-five (45) days to file what he entitled his "Reply to the Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus." See Doc. 12. The Court, under the circumstances, considered Francis' motion as a request for additional time to object to Magistrate Judge Couch's Report and Recommendation. The Court granted Francis' Motion for Enlargement of Time [Doc. 12] and permitted Francis an additional forty-five (45) days, or until November 29, 2010, to file his objection to Magistrate Judge Couch's Report and Recommendation.

The matter then came before the Court on Francis' second Motion for Enlargement of Time, wherein he again requested an additional forty-five (45) days to file what he entitled his "Reply to the Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus." See Doc. 14. The Court again construed Francis' motion as a request for additional time to object to Magistrate Judge Couch's Report and Recommendation.

Because the record indicated that Francis would have had sufficient time to file his objections, if any, to Magistrate Judge Couch's Report and Recommendation, given the Court-ordered deadline of November 29, 2010, the Court on November 9, 2010, denied Francis' Motion for Enlargement of Time [Doc. 14] file-stamped November 5, 2010. See Doc. 15.

The matter then came before the Court on Francis' Motion for a Reconsideration of Petitioner's Request for an Enlargement of Time, wherein he again requested additional time to file his objections to Magistrate Judge Couch's Report and Recommendation. See Doc. 16. Upon review, the Court on November 17, 2010, granted Francis' request for reconsideration to the limited extent that Francis was directed to file his objections to

Magistrate Judge Couch's Report and Recommendation on or before December 17, 2010. See Doc. 17. Francis was also advised that no additional time would be granted and no further applications requesting additional time would be considered. See id.

Francis has now submitted his objection, see Doc. 19,[1] and upon de novo review of the record, the Court concurs with Magistrate Judge Couch's suggested disposition of Province's Motion to Dismiss Petition for Habeas Corpus as Time Barred by the Statute of Limitations.

Francis was convicted, pursuant to a plea of guilty, of two counts of child neglect on December 13, 2005, in the District Court of Oklahoma County, Oklahoma, and he was sentenced to a term of imprisonment of twenty (20) years, with all but the first ten (10) years to be suspended, on each count, both counts to be served concurrently. State v. Francis, No. CF-2004-6400. On December 18, 2005, Francis sought to withdraw his guilty plea. At the hearing on January 4, 2006, Francis, represented by new counsel, withdrew his request to withdraw his guilty plea. No appeal from his conviction and sentence was taken.

Francis' Petition is subject to the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1). The one-year period for purposes of the case-at-bar began to run on "the date on which . . . [Francis'] judgment became final . . . ." Id. § 2244(d)(1)(A).

---

[1] In addition to Francis' "Argument Against Court's Report and Recommendation in a Respectful Manner" [Doc. 19] file-stamped December 17, 2010, the Court has also considered Francis' "Motion to Response to a Petition in Error" [Doc. 20] file-stamped December 21, 2010.

At the earliest, Francis' conviction and sentence became final on December 23, 2005, ten (10) days after the pronouncement of the judgment and sentence. See 4.2(A), Rules of the Oklahoma Court of Criminal Appeals, Title 22, ch. 18. And at the latest, Francis' conviction and sentence became final on January 4, 2006, the date Francis withdrew his request to withdraw his guilty plea.

As stated, the instant Petition was not filed until July 2010. Accordingly, this matter is time-barred unless Francis can establish that the one-year limitations period has been tolled. In reviewing Francis' submissions, the Court finds that Francis not only has failed to demonstrate that he is entitled to statutory tolling, e.g., 28 U.S.C. § 2244(d)(2)(time during which properly filed application for post-conviction or other collateral review pending not counted), but also has failed to present any "'extraordinary circumstances,'" Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2005)(quoting Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000)); e.g., Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000)(petitioner only entitled to equitable tolling "'in rare and exceptional circumstances'"), that would justify equitable tolling in this instance.

Moreover, in his most recent submissions, Francis has failed to provide any credible or persuasive evidence that would qualify him for the "fundamental miscarriage of justice" exception, which is applicable to a petitioner who is "actually innocent," or that would provide a basis that would excuse his untimeliness in filing the instant action. E.g., Schlup v. Delo, 513 U.S. 298, 324 (1995)(constitutional error must result in conviction or incarceration of one who is actually innocent and petitioner must support allegations of constitutional error with new reliable evidence).

Accordingly, the Court

(1) ADOPTS the Report and Recommendation [Doc. 11] issued on September 23, 2010;

(2) GRANTS Province's Motion to Dismiss Petition for Habeas Corpus as Time Barred by the Statute of Limitations [Doc. 7] filed on August 10, 2010;

(3) DISMISSES as time-barred Francis' Petition file-stamped July 8, 2010; and

(4) in light of the Court's finding of untimeliness, DENIES Francis' Motion to Amend Original Complaint and Add as Defendants as to a Proper Petition[ ] for a Habeas Corpus Proceeding [Doc. 18] file-stamped November 23, 2010.

ENTERED this 5th day of January, 2011.

LEE R. WEST
UNITED STATES DISTRICT JUDGE